# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | Def. I.D. # 2108001587A |
| v. | ) | |
| | ) | |
| | ) | |
| RHANDY D. MASSEY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 1, 2023
Decided: March 7, 2023

*Upon Defendant's Motion for a New Trial*

**DENIED**


## MEMORANDUM OPINION AND ORDER

Rebecca E. Anderson, Esquire, Deputy Attorney General, Department of Justice, 13 The Circle, Georgetown, DE 19947; Attorney for State of Delaware.

John R. Garey, Esquire, 48 The Green, Dover, DE 19901; Attorney for Defendant Rhandy Massey.

**KARSNITZ, R. J.**

## I.    Background

Rhandy D. Massey ("Defendant") was charged with multiple criminal offenses stemming from allegations made by his two minor daughters, M.M. and L.M., of sexual abuse. At the conclusion of a week-long jury trial, on January 27, 2023 Defendant was convicted of most of the charges.[1] Defendant has not been sentenced. On February 6, 2023, Defendant filed a motion requesting a new trial (the "Motion") pursuant to Delaware Superior Court Criminal Rule 33. In support of the Motion, Defendant argues two grounds: (1) that I used an incorrect legal standard in denying Defendant's request for an *in camera* proceeding under 11 *Del. C.* § 3508, and (2) that I failed to find a substantial need that would allow one of the alleged victims to hold a stuffed animal during her testimony.

## II.    Analysis

## A. The § 3508 Motion

On Friday, January 20, 2023 (the Friday before trial was to begin), Defendant submitted a motion pursuant to 11 *Del. C.* § 3508, requesting an *in camera* hearing to determine the admissibility of prior sexual conduct pertaining to the alleged victims in this matter, L.M. and M.M..[2] Defendant's motion initially addressed three

---

[1] He was acquitted of a Rape in the Second Degree regarding L.M., but convicted of the lesser included offense of Unlawful Sexual Conduct First Degree.

[2] The filing of the motion was not in accordance with our case management plan. See Superior Court Sussex County Case Management Plan, Pre-trial motions. Defendant had been supplied the information which he contended supported the motion a year before trial. Defendant's delay in presenting the motion placed unnecessary stress on the Court and its processes, as well as the Prosecutor. While the delay could have been considered a waiver of the issues Defendant presented, in an effort to be fair the Court considered the motion on its merits.

prior allegations: (1) an allegation made by both girls against their half-brother, N.M.,[3] (2) statements by a babysitter about discussions of sexual issues between the girls themselves, and (3) an allegation made by the girls against Defendant unrelated to the current charges. A reading of the information Defendant supplied in his filing showed this third incident to consist of horseplay between him and M.M. where Defendant's elbow struck M.M.'s crotch area and caused her injury. No claim of sex abuse appears in the police report supplied by Defendant. The key issue prior to trial became allegation (1). The State filed its response via email on Sunday, January 22, 2023. I addressed the motion on Monday, January 23, 2023, in a pre-trial hearing before jury selection began. I denied the motion for an *in camera* § 3508 hearing.

Defendant now argues that I applied the wrong legal standard when denying Defendant's motion prior to trial. Defendant cites *Bryant v. State*[4] as the proper legal standard. However, the Delaware Supreme Court in *Bryant* specifically notes, "The Superior Court did not consider the Rape Shield Statute in its ruling and in this appeal the State has not relied upon the statute as a basis for exclusion."[5] The decision instead focuses on the ability of counsel to cross-examine a witness concerning prior specific incidents of untruthfulness.[6] Defendant, in the Motion, argues that the Delaware Supreme Court created a standard when it stated: "Even where the evidence is inconclusive as to falsity, prior allegations of sexual assault

---

[3] Initials are used throughout to provide some protection for the minors.
[4] 734 A.2d 157 (Del. 1999).
[5] *Id.* at *2 n.2.
[6] *Id.* at *2.

may be admitted to challenge credibility."[7] The Supreme Court went on to say:

> Given the minimal corroborative evidence in this case and the unusual social history of the complaining witnesses the issue of credibility looms large. Any attempt to restrict cross-examination under these circumstances must proceed on a complete record with a full appreciation of the relevance of such testimony. We conclude that, on this record, the trial court's ruling regarding the five excluded allegations, without further effort to determine their falsity, was an abuse of discretion. Because we cannot with confidence assess the impact of the excluded evidence, we must reverse and remand for a new trial.[8]

The Massey case is distinguishable from *Bryant*. *Bryant* notes that "the precise issue is not before us...."[9] Furthermore, the allegations in the *Bryant* case included two allegations which were demonstrably false because the alleged victims recanted their statements. Such recantation evidence or other evidence of falsity does not exist here. Moreover, *Bryant* did not address 11 *Del. C.* § 3508 and how that specific statute would affect the admissibility or inadmissibility of supposed prior false allegations.

Rather, I relied upon *State v. Bailey*,[10] a § 3508 case. The Delaware Superior Court in that case found that prior allegations of sexual assault may be admissible at trial only if Defendant makes a showing that the witnesses' prior allegations of

---

[7] *Id.* at *3.
[8] *Id.*
[9] *Id.*
[10] 1996 WL 587721 (Del. Super. Sept. 12, 1996).

sexual assault were false.[11]  Here, Defendant failed to make any showing of falsity, only self-serving assertions that the prior allegations were false accusations. There have been no recantations of any prior allegations against either N.M., the half-brother to both alleged victims, or against Defendant. In fact, both alleged victims referenced N.M. in their forensic interview at the Children's Advocacy Center following their allegations of abuse against Defendant. During that interview, both girls maintained that something had occurred with N.M. previously.

Additionally, I continue to believe that an appropriate purpose for introduction of this evidence was not shown by Defendant. Defendant wanted to make the contradictory arguments that the alleged victims were lying about N.M., but that they were previously abused by N.M.  None of the police reports provided to Defendant during pre-trial discovery show that either alleged victim provided false information or lied about the prior allegations against N.M. or anyone else.

At the pre-trial hearing, I observed that Defendant had not met the standard of "clear and convincing" evidence, or even a lesser standard, to allow for introduction of this evidence at trial. I did not want the trial to turn into a trial within a trial.

Because I applied the applicable standard, I deny this ground for a new trial.


B. The Stuffed Animal

---

[11] *Id.* at *6.

Defendant's second ground is based upon one of the alleged victims, M.M., holding a stuffed animal during her trial testimony. This was addressed at trial prior to M.M. taking the stand and outside the presence of the jury. The State notified Defendant that the children wanted to hold a stuffed animal while testifying. Initially, both children indicated that they would feel more comfortable with a stuffed animal. This information was relayed to me. However, only M.M. brought a stuffed animal to the stand during trial. Defendant then raised the issue with me, and I asked the State to make a motion as to the necessity of the stuffed animals. In doing so, the State motioned that the stuffed animals were recommended to them by their counselor to help them feel more comfortable at trial. The State also indicated that the stuffed animals were small.

I allowed the stuffed animals but noted the children were not to hold them up or wave them around, and that they could hold the animals close to them. The children were informed about my instructions by the State. No further objections were made by Defendant during trial that would indicate M.M. was holding up the animal, waving it around, or otherwise making it noticeable to the jury.

I observed M.M. as she testified. The bear clutched in her hand was barely visible. The minor witness was a small child obviously distressed to be in a courtroom testifying.

In support of the Motion on this ground, Defendant relies upon *Czech v. State*.[12] This case deals with "special accommodations" for child witnesses as set forth in 11 *Del. C.* § 5131. The *Czech* Court specifically addressed the appropriateness of a support *person* for a child witness. In that case, the child's mother was allowed to sit behind the child as she testified before a jury.[13] The trial judge in *Czech* suggested this *sua sponte,* which the Delaware Supreme Court found to be inappropriate. The Court concluded that special accommodations should be made only if the requesting party has demonstrated a "substantial need" for their implementation.[14] The Court found that, while the use of the support person may have been prejudicial, any prejudice was harmless.[15] The Court noted that the child's testimony in *Czech* was not particularly helpful to the State's case and that the prosecution presented the substance of its case through the forensic interviews shown to the jury.[16]

Similarly, in the Massey trial, the State presented its case as it pertained to M.M.'s allegations in part through M.M.'s forensic interview at the Children's Advocacy Center ("CAC"). M.M.'s testimony during trial was limited in detail or specific recollection of events; therefore, her statement made at the CAC was

---

[12] 945 A.2d 1088 (Del. 2008).
[13] *Id.* at 1093.
[14] *Id.* at 1094.
[15] *Id.* at 1095.
[16] *Id.*

admitted under 11 *Del. C.* § 3507 and 11 *Del. C.* § 3513.

In further support of the Motion on this ground, Defendant also relies upon *Gomez v. State*.[17] Defendant in that case did not object to the child witness holding a teddy bear during trial, so it was never addressed by the trial judge. In providing guidance for the new trial, the Supreme Court stated, "It would have been appropriate for the trial judge also to have required the prosecutor to demonstrate a substantial need for the additional special accommodation of a teddy bear."[18] However, the Supreme Court did not reverse or remand the case on this ground.

In the this case, the State told me that M.M. and L.M.'s counselors had recommended that the girls be able to have stuffed animals to make them feel more comfortable during trial. M.M. was just nine years old at the time that she testified against her father during trial. I allowed it but only under the condition that the child be instructed not to put the stuffed animal on display, which she did not. M.M. and L.M. were always going to be sympathetic witnesses and for me the bear added nothing. I instructed the jury to not allow sympathy to in any way guide their verdict. The jury was discerning as shown by its verdict. The State justified the use of the teddy bear, and it was barely visible and added nothing to the sympathy factor the minor witness created.

---

[17] 25 A.3d 786 (Del. 2011).
[18] *Id.* at 799.

C. Rule 33

Superior Court Criminal Rule 33 permits me to grant a new trial if it is "required in the interest of justice." I find no showing by Defendant that a new trial is required under this standard and the cases decided under Rule 33. In addition to the testimony of the two girls, the State presented physical evidence in the form of a blanket and t-shirt that were tested by the Division of Forensic Sciences; Defendant's semen was found on both items. This physical evidence corroborates the alleged victims' statements as to Defendant's conduct. Additionally, the State presented evidence of Defendant's consciousness of guilt, in that he fled following the allegations and admitted to the lead detective that he regretted doing so.

III.  CONCLUSION

For the foregoing reasons, Defendant Rhandy Massey's Motion for a New Trial is **DENIED**.

**IT IS SO ORDERED**.

/s/ Craig A. Karsnitz
Craig A. Karsnitz

cc:    Prothonotary

9